

IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 28 2012

Phil Lombardi, Clerk
U.S. DISTRICT COURT

(1) Kyle Spade, )
)
      Plaintiff, )
)
vs. ) CASE NO. **12 CV - 175 CVE   FHM**
)
(1) IQ Data International, ) **VERIFIED COMPLAINT**
) (Unlawful Debt Collection Practices)
      Defendant. )
) **JURY TRIAL DEMANDED**

### PLAINTIFF'S VERIFIED COMPLAINT

NOW COMES Plaintiff, Kyle Spade, and for the Verified Complaint against Defendant, IQ Data International, alleges as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy.

3. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Lawton, County of Comanche, Oklahoma.

VERIFIED COMPLAINT

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Everett, Washington.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or before August 2011, Defendant began placing collections calls to Plaintiff seeking and demanding payment for a debt purportedly incurred in August 2009, purportedly owed to Oasis Waipaho Apartments, LLC.

11. Since the first of the calls, Plaintiff notified Defendant that he disputed the debt, and that he did not sign any such lease or ever reside at such apartment complex.

12. On or about February 27, 2012, Plaintiff notified Defendant by certified mail to stop contacting Plaintiff regarding debt to be collected.

13. On or about February 29, 2012, Defendant signed return receipt of such written notice to stop contacting Plaintiff regarding debt amount to be collected.

14. Despite notice of such request, on March 5, 2012, at 3:33 P.M. CST, Defendant called Plaintiff's telephone.

15. Apparently, Defendant is attempting to collect on a debt that relates to a lease agreement entered into by his estranged ex-wife without the consent or knowledge of Plaintiff.

16. The lease was apparently signed while Plaintiff was honorably serving Active Duty in the Armed Forces and deployed overseas from August 28, 2009, to March 4, 2010. Exhibit "A" – United States Air Force Achievement Medal.

17. Defendant called Plaintiff from (888) 248-2509 and possibly other numbers.

18. Defendant called Plaintiff at (530) 440-9815 and possibly other numbers.

19. Additionally, on March 5, 2012, Defendant falsely represented to Plaintiff that the unpaid debt would remain on Plaintiff's credit report for 10 years.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692c(c) of the FDCPA by communicating with Plaintiff after Plaintiff provided written notice to Defendant;

b) Defendant violated §1692e of the FDCPA by offering false, deceptive, and misleading representations in connection with the debt collection by stating debt would be reported on Plaintiff's credit history for "up to 10 years";

c) Defendant violated §1692e(8) of the FDCPA by failing to report to credit reporting bureaus that the debt had been disputed by the Plaintiff;

d) Defendant violated §1692f(1) of the FDCPA by attempting to collect a debt amount not authorized by agreement or permitted by law as this debt was created by someone other than the Plaintiff, without Plaintiff's knowledge or permission.

## TRIAL BY JURY

21.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

**WHEREFORE**, Plaintiff, Kyle Spade, respectfully prays that judgment be entered against Defendant, IQ Data International, for the following:

   a)   Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

   b)   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

   c)   Any other relief that this court deems to be just and proper.


Respectfully Submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
115 W. 3rd St., Ste. 411
Tulsa, OK 74103
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA )
) ss
COUNTY OF COMANCHE )

Plaintiff, Kyle Spade, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Kyle Spade, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

28 April 2012
Date

_____
Kyle Spade,
Plaintiff

**EXHIBIT - A**



# DEPARTMENT OF THE AIR FORCE

THIS IS TO CERTIFY THAT

## THE AIR FORCE ACHIEVEMENT MEDAL

HAS BEEN AWARDED TO

AIRMAN FIRST CLASS KYLE C. SPADE

FOR

OUTSTANDING ACHIEVEMENT
4 SEPTEMBER 2009 TO 4 MARCH 2010

ACCOMPLISHMENTS

Airman First Class Kyle C. Spade distinguished himself by outstanding achievement as Electrical Power Production Journeyman, 506th Expeditionary Civil Engineer Squadron, 506th Air Expeditionary Group, 332d Air Expeditionary Wing, Kirkuk Regional Air Base, Iraq. In this position and in direct support of Operation IRAQI FREEDOM, Airman Spade maintained, repaired and certified aircraft arresting systems and installed, operated, maintained and repaired electrical power generators and associated equipment in support of the base's high priority airfield mission. Airman Spade demonstrated a high level of professionalism providing quality inspections and calibrations to the aircraft arresting systems at the level of an experienced craftsman. Furthermore, his meticulous inspections and precise synchronizations led to a flawless arresting system annual certification, and ensured 100 percent availability of the barrier system for aircraft emergencies. In addition, Airman Spade's diligent efforts helped reconstitute a support disc loader from salvage, saving the United States Air Force 15,000 dollars. Finally, Airman Spade executed the complex repair of two critical generators in under three hours for a Security Forces camera tower which allowed uninterrupted operation of an essential force protection asset. The distinctive accomplishments of Airman Spade reflect credit upon himself and the United States Air Force.

GIVEN UNDER MY HAND

10 MARCH 2010

**GILMARY M. HOSTAGE III**
Lieutenant General, USAF
Commander, USAFCENT

AF FORM 2274, 20000101

Special Order: G-15512        Condition: 4    PAS: YYYYYYYY  RDP: 23 JAN 2010